**Entered on Docket
February 02, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

FEB - 1 2006

UNITED STATES BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 584-00941-ASW |
| | Chapter 7 |
| Pizza Time Theatre, | |
|     Debtor(s). | |
| | Adversary No. |
|     Plaintiff(s). | |
| vs. | |
|     Defendant(s). | |

**ORDER VACATING PROTECTIVE ORDER**

No appeal or further proceedings are pending in the above-entitled case.

IT IS HEREBY ORDERED that unless an objection is filed with the undersigned within sixty days from the date hereof, the protective order under Bankruptcy Rule 9018 previously entered for any and all documents which were placed under a seal by a court order in the above-entitled matter, will be vacated. If an objection is filed within the sixty-day period, the matter should be set for hearing on the appropriate calendar for the judge assigned to the case.

IT IS FURTHER ORDERED that if no objection is received within sixty days from the party

1

or entity requesting the protective order, and unless an order is obtained which directs that documents are to be retained under protective custody, the clerk will remove the documents from the protective custody within the court. At the expiration of the 60 days notice and no objection having been filed, the clerk is authorized to remove the seal and place the documents subject to the protective order, together with the appropriate case file or adversary file, to be forwarded with all closed records in the case to the Federal Records Center.

DATED: FEB 0 1 2006

*Arthur S. Weissbrodt*
UNITED STATES BANKRUPTCY JUDGE



# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
## CERTIFICATE OF SERVICE

I, the undersigned, a regularly appointed and qualified Clerk in the office of the Bankruptcy Judges of the United States Bankruptcy Court for the Northern District of California, San Jose, California hereby certify:

That I am familiar with the method by which items to be dispatched in official mail from the Clerk's Office of the United States Bankruptcy Court in San Jose, California processed on a daily basis: all such items are placed in a designated bin in the Clerk's office in a sealed envelope bearing the address of the addressee, from which they are collected at least daily, franked, and deposited in the United States Mail, postage pre-paid, by the staff of the Clerk's Office of the Court;

That, in the performance of my duties, on the date set forth below, I served the **ORDER VACATING PROTECTIVE ORDER** in the above case on each party listed below by depositing a copy of that document in a sealed envelope, addressed as set forth, in the designated collection bin for franking, and mailing:

Robert M. Miller
Paul N. Silverstein
Bishop, Liberman & Cook
26 Broadway #1615
New York, NY 10004

Isaac M. Pachulski
George C. Webster II
Stutman, Treister & Glatt
3699 Wilshire Blvd., 9th Fl.
Los Angeles, CA 90010

M. Laurence Popofsky
Peter A. Wald
Eric R. Havian
Heller, Ehrman, White & McAuliffe
44 Montgomery St.
San Francisco, CA 94104

Bruce G. Vanyo
Robert P. Feldman
B. Stephen Toben
Wilson, Sonsini, Goodrich & Rosati
Two Palo Alto Sq. #900
Palo Alto, CA 94306

In addition, I am familiar with the Court's agreed procedure for service on the United States Trustee, by which a copy of any document to be served on that agency is left in a designated bin in the Office of the Clerk, which bin is collected on a daily basis by the United States Trustee's representative. In addition to placing the above envelopes in the distribution bin for mailing, I placed a copy of the **ORDER VACATING PROTECTIVE ORDER** in the United States Trustee's collection bin on the below date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on FEB 0 1 2006

_____
Clerk

3

Order Vacating Protective Order.wpd